J. B. HAYDEN, RECEIVER v. BARTLEY SMITH, ET AL.

BARTLEY SMITH, ET AL. v. W. R. SMITH, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—243.]

**Improvements Made By Purchaser.**

Where a commissioner's report is confirmed,· and an appeal is

taken from the order of confirmation but no supersedeas is granted, the purchaser at such a sale should be compensated for improvements made on the land, and where the appeal is sustained the value of such improvements should be set off as against the rent of the land while in the possession of such purchaser.

### Vacating Sale of Real Estate.

A judgment and order confirming a sale of real estate will be vacated, where the appellant was misled by the appellee, by reason of the latter's promise to make the land sold pay his debt, where it is evident but for such promise the land would have brought at least the purchase-money due the original vendor.

### APPEALS FROM HARDIN CIRCUIT COURT.

September 18, 1883.

OPINION BY JUDGE PRYOR:

There was no supersedeas on the first appeal by Bartley Smith from the order confirming the commissioner's report of sale, and the appellees or their vendor who purchased at the judicial sale should have some compensation for the improvements made although made before confirmation. See *Smith v. Hayden*, 10 Ky. Opin. 549.

The purchaser in a case like this, where he has made such valuable improvements or improvements equivalent to the rents of the farm for several years, should be substituted to the rights of the original vendor (Helm's executor) who sold the land. The claim of Helm should be credited by the amount paid Hayden and as of its date, and for the balance due with the interest the land should be sold to pay Helm's debt. We think in this case the proof shows the rent of the land to be equal to the improvements made, and certainly when the one claim approximates so nearly in amount to the other, the rent to the improvements, the one should be set off against the other. There was no question on the former appeal as between the purchaser and the appellant, Hayden, or Helm's executor; but with the permanent improvements made by the purchaser or his devisees the appellees should be, if they desire, substituted to the rights of Helm to the extent of the money paid by him, and the land sold for the balance due Helm's executor. If they do not desire to be substituted the land must be sold to pay the entire debt, and so much of it as has been paid to the executor by the purchaser with interest

from day of payment will be applied to the purchaser, and the balance to Helm's executor. Helm's executor or receiver must have his costs except such as he is liable for by reason of the former reversal. The sale must be again set aside for the reason that Helm was misled by the appellees, by reason of the latter's promise to make the land pay the debt. This they failed to comply with and but for this it is evident the land would have brought at least the purchase-money due the original vendor.

The judgment is *reversed* on both the appeal of Hayden and the appeal of Bartley Smith, and cause remanded with directions to set aside the sale and order a resale as herein indicated and to set off the rents against the improvements.

*Willson & Hobson, for appellants.*

*James Montgomery, for appellees.*